JONES, RESPONDENT, *v.* GIESKE ET AL., APPELLANTS.

(No. 1,265.)

(Submitted February 26, 1901.   Decided March 11, 1901.)

*Contracts—Specific Performance—Dower Interest of Wife.*

Where it is sought to compel specific performance of a contract to convey, and it appears that defendant's wife did not join in said contract, the decree for specific performance will require a conveyance by said defendant reserving to his wife whatever right of dower she may have in the land.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by Alfred E. Jones against John E. Gieske and others. Judgment for plaintiff. Defendants appeal. Modified.

*Mr. Sam Stephenson* and *Mr. James W. Freeman*, for Appellants.

*Mr. William G. Downing*, for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the Court.

This is an appeal from an order denying a motion for a new trial and from the judgment.

The suit was brought to cancel a deed made by one Millard and wife to one Mary E. Gieske, and to compel one John B. Gieske to convey to plaintiff by deed certain real estate. It is claimed that Millard and wife made and delivered to plaintiff a deed for lot 3 in block 10 of the townsite of Belt, Cascade county, Montana, which deed was never recorded; that defendant John B. Gieske agreed in writing to convey to plaintiff lot 28 in block 11 of said townsite upon the payment of a certain sum, and that plaintiff paid all of said sum except $225, and was ready and willing to pay said balance as per the terms of the agreement; that Gieske fraudulently induced plaintiff to deliver said unrecorded deed for said lot 3 to him (Gieske), who delivered it to Millard, and that Millard and wife thereupon made and delivered to defendant Mary E. Gieske a deed for lot 3, and the deed was recorded; that said John B. Gieske fraudulently induced plaintiff to cancel said contract for lot 28, and to accept in consideration of the surrender of said contract a deed for a certain lot 1 in block 1, Riverside addition, St. Paul, Minnesota, together with a promissory note of defendant John B. Gieske for $250. It is charged that the property surrendered by plaintiff was valuable, and that the St. Paul lot was of little value, and the note worthless.

The court below, sitting with a jury, found for plaintiff, and

decreed: (1) that the $250 note be canceled; (2) that the plaintiff reconvey to John B. Gieske said lot in St. Paul; (3) that plaintiff pay to John B. Gieske $17.51, the balance of the $225 due on account of lot 28, deducting the amount adjudged to plaintiff for rents and costs; (4) that defendants convey to plaintiff, by deed, said lots 3 and 28; (5) that possession of said lots 3 and 28 be restored to plaintiff upon payment of said sum of $17.51; (6) that defendants be devested of all title to said lots 3 and 28, and that the title thereto be vested in plaintiff; (7) that plaintiff have $150, the rents collected, and (8) for costs.

The appellant relies, in his brief, upon alleged insufficiency of the evidence, and upon certain alleged particulars in which the judgment is against the law. We have carefully examined the evidence, and find that it is not insufficient to support the material findings as made and adopted by the court. We do not find that the court erred in its rulings on the evidence. The court did not err in denying the motion for a new trial.

In the light of the pleadings and the evidence the judgment must, however, be modified as follows: Whereas said judgment orders that the said defendants convey to the plaintiff, by deed, said lots 3 and 28, let it be ordered by said district court that said deed from Millard and wife to Mary E. Gieske for said lot 3 be canceled, and declared void, and that Millard at once return and deliver to plaintiff the deed for said lot 3 heretofore by him and his wife executed and delivered to plaintiff; and whereas, the parties hereto have admitted that Mary E. Gieske was the wife of defendant John B. Gieske at the time said contract for the sale of lot 28 was entered into by plaintiff and John B. Gieske, and it appears that Mary E. Gieske did not join in said contract, it is ordered that the said judgment be further modified to the effect that John B. Gieske, without said Mary E. Gieske, be ordered to convey, by proper deed, to plaintiff, said lot 28, within five days after tender of the said balance of $17.51, due by plaintiff; and that said decree be further modified to reserve to Mary E. Gieske whatever right of dower she may have, if any, in said lot 28.

The order of the court denying the motion for a new trial is affirmed, and the judgment of the said court is affirmed as modified. Respondent will recover his costs in this Court, except as against Mary E. Gieske, to whom he will pay such costs as she has incurred upon appeal.

* *Affirmed and modified.*